(91 App. Div. 96.)

### DINKELSPIEL v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, First Department.    February 5, 1904.)

**1. PLEADING—MOTION TO STRIKE.**

A motion to strike irrelevant matter from a pleading will be denied if, under any possible circumstances, evidence of the fact pleaded in the allegation sought to be stricken has any bearing on the subject-matter of the litigation.

**2. LIBEL—ANSWER—DENIALS.**

Where a complaint in a suit for libel alleged that the article was published by the defendant with express malice, and with intent to injure plaintiff, a paragraph of the answer containing a denial of every allegation in the complaint except that defendant was the owner and publisher of the paper in which the article appeared at the time in question could not be stricken as irrelevant.

**3. SAME.**

Where an alleged libelous publication purported to give an account of plaintiff's testimony as a witness in an action for divorce, the paragraph of the answer alleging that for several years prior to the time plaintiff was examined as a witness in such case plaintiff and the wife's husband, who brought the divorce proceedings, were intimate friends, and that the husband, for the purpose of getting evidence on which he could get a divorce, induced plaintiff to accompany his wife to a mountain resort, watch her movements, and report the same to him, which plaintiff did, etc., was not irrelevant, since such acts were so connected with the subject-matter of the publication that they were admissible as bearing on plaintiff's character for the purpose of determining whether he had been injured by the libel.

**4. SAME.**

In an action for libel, which purported to give the account of plaintiff's testimony as a witness in a divorce case, the first paragraph of the first defense of the answer alleged that defendant denied each and every allegation of the complaint except the allegation of defendant's incorporation and that it was the owner of the paper in which the article appeared. The second paragraph set out the testimony which plaintiff was alleged to have given as such witness, and the fifth paragraph, as a separate and partial defense, and in mitigation and reduction of damages, restated all the allegations, admissions, and denials contained in the first two paragraphs with the same force and effect as if they were specifically reiterated. *Held*, that an order striking out so much of such paragraph as reiterated the allegations of paragraph 1 except as to the denial that the publication was malicious was proper.

Appeal from Special Term, New York County.

Action by Edward Dinkelspiel against the New York Evening Journal Publishing Company. From an order striking out certain portions of defendant's answer as irrelevant and redundant (85 N. Y. Supp. 570), defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Clarence J. Shearn, for appellant.

Paul N. Kiernan, for respondent.

McLAUGHLIN, J.    Action to recover damages for an alleged libel. The article published purported to give an account of the testimony

¶ 1. See Pleading, vol. 39, Cent. Dig. § 1156.

which the plaintiff gave as a witness in an action brought by one Israel for a divorce. That portion of the article complained of reads as follows:

"Dinkelspiel also admits club expelled him for cheating at cards. * * * 'Were you expelled from a club in the upper part of the state for cheating at cards?' 'Yes, sir.'"

The first paragraph of the first defense alleged that the defendant denied each and every allegation of the article except the allegation of its incorporation and that it was the owner and publisher of the paper in which the article appeared. The second paragraph set out in extenso the testimony which the plaintiff is alleged to have given as such witness. The third paragraph set out the article published, and the fourth alleged that it published the article without malice, and that the publication as a whole was a fair and true report of a judicial proceeding. As a separate and partial defense, and in mitigation and reduction of damages, the defendant, in the fifth paragraph, restated and made a part of its partial defense "all of the allegations, admissions, and denials contained in paragraphs 1 and 2" of the first defense; and in the sixth paragraph of the separate and partial defense it alleged that for several years prior to the time plaintiff was examined as a witness and gave the testimony referred to he and one Abraham Israel and his wife, Tilly B. Israel, were intimate friends; that the husband, for the purpose of getting evidence on which he could get a divorce from his wife, induced the plaintiff to accompany her to Blue Mountain Lake, watch her movements, and report the same to him, which the plaintiff did. Among other portions of the answer, plaintiff moved to strike out paragraph 1 of the first defense and paragraphs 5 and 6 of the separate and partial defense, upon the ground that the same were irrelevant and redundant. The motion was granted as to paragraphs 1 and 6 and in part as to paragraph 5, and defendant has appealed.

Motions to strike out a part of a pleading as irrelevant and redundant are not favored by the courts (Hatch v. Matthews, 85 Hun, 522, 33 N. Y. Supp. 332), and will invariably be denied unless the court can see that the moving party is or will be prejudiced by the retention of the part sought to be stricken out, and the granting of the motion will not harm the adverse party. Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274. If, under any possible circumstances, evidence of the facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, then the motion will be denied. Bradner v. Faulkner, 93 N. Y. 515. Keeping these general rules in mind, it needs but a slight consideration to show that the court erred in striking out paragraphs 1 and 6. Paragraph 1, as already indicated, contained a denial of every allegation in the complaint except that at the time stated the defendant was the owner and publisher of the paper in which the article appeared. There is thus included in this paragraph not only a denial of express malice, but that the publication was of or concerning the plaintiff, as well as that the publication as alleged was made at all. The complaint alleged that the article was "published by the defendant with express malice, and with intent to injure the plaintiff." A denial of this allegation is certainly relevant, and especially in a defense of privilege, and for the very ob-

vious reason that, if the defendant admitted actual malice by failing to deny it, the defense of privilege would fail. Code Civ. Proc. § 1907. The allegations contained in paragraph 6 are not redundant, nor do we think they are irrelevant. While it is true such allegations are not directly connected with that portion of the article complained of, they relate to the conduct of the plaintiff, by reason of which he became a witness and gave testimony in the action referred to in the article. An action to recover damages for a libel has for its basis that the character of the person libeled has been injured, and for that reason character is a proper subject for the jury to consider, to the end that it may award the proper measure of damages. It is undoubtedly the general rule that a defendant in an action for libel can only attack, in mitigation of damages, the general character of the plaintiff. But this rule is subject to some qualification, and that is, when specific acts of the plaintiff are connected with or involved in the subject-matter of the publication, then an inquiry may be made as to such acts. The facts alleged in the sixth paragraph are that the plaintiff, at the instigation of the husband, spied upon the wife while she was at Blue Mountain Lake, reported her acts and conduct to the husband, and by reason thereof the action for a divorce was instituted. Further facts are alleged to the effect that under the guise of sickness the plaintiff ingratiated himself in the favor of the wife, and for that reason was permitted to accompany her to Blue Mountain Lake; that she looked after him and nursed him, and as a result of this intimacy—induced by fraud and deceit on his part—he was enabled to watch her movements. The case of Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409, 49 Am. St. Rep. 646, is, as it seems to me, in point. There defendant was sued for libel because it had stated that the plaintiff presented an extortionate bill, and was intoxicated at the time he performed the services for which the bill was rendered. The complaint sought a recovery on both charges, and the answer justified both. On the first trial the defendant established a justification of the charge of extortion, and on the second trial the plaintiff omitted to read to the jury the part of the libelous article which charged extortion, but put in evidence only the part which charged intoxication. Defendant put in evidence the whole article, and gave evidence tending to justify the charge of drunkenness, and upon this issue—the only one submitted—a verdict was rendered for the plaintiff for punitive damages. During the trial the defendant offered to prove, in mitigation of damages, the truth of the alleged libel relating to the subject of extortion, but the evidence was excluded. Held error, which necessitated a reversal of the judgment; that such evidence was competent for the defendant, in mitigation of damages as to that part of the alleged libel charging drunkenness, to prove as showing that the charge of attempted extortion was true.

As to the fifth paragraph we think the court correctly disposed of the motion so far as it related to that. The fifth paragraph was as follows:

"(5) That the defendant repeats and makes part of this partial defense all of the allegations, admissions, and denials contained in paragraphs 1 and 2 hereof with the same force and effect as if the same were specifically reiterated and set forth at length therein."

The order appealed from struck out this paragraph in so far as it reiterated the allegations in paragraph 1, "with the exception of the denial that the publication was malicious." The defendant, by incorporating in this paragraph the general denial contained in the first paragraph, prevented the plaintiff from demurring to the separate and partial defense, and in no way did such repetition benefit the defendant. If the denials contained in the first paragraph were good, they were good for every purpose at the trial, and were just as effectual as though repeated in the separate and partial defense. This allegation therefore was irrelevant and redundant. The retention of it might injure the plaintiff, and the striking of it out could not, by any possibility, injure the defendant. Stieffel v. Tolhurst, supra; State of South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362.

It follows, therefore, that the order appealed from must be modified as herein indicated, and, as thus modified, affirmed, without costs to either party. All concur.

---

(91 App. Div. 141.)

### GALLENKAMP v. GARVIN MACH. CO.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. MASTER AND SERVANT—EMPLOYMENT OF MINORS—DANGEROUS MACHINERY.
       It cannot be said as a matter of law that a conveyor consisting of an endless chain with metallic pan-shaped shelves about every 13 feet, moving about a foot a second, used for carrying tools from one floor to another of a factory, is not a dangerous machine, within Laws 1897, p. 480, c. 415, § 81, providing that children under 16 years of age shall not be permitted to assist in operating dangerous machines of any kind.

2. SAME—OPERATING.
       One who attends, on a floor of a factory, a machine for conveying articles from one floor to another, assists in operating it within Laws 1897, p. 480, c. 415, § 81, providing that children under 16 shall not be permitted to assist in operating dangerous machines.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
       Whether a boy 15 years old, attending a machine for conveying tools from one floor to another of a factory, in trying to prevent tools from falling in the shaft, was guilty of contributory negligence in placing his head in the shaft, where the shelves of the machine were moving about a foot a second, so that he was struck by one, was a question for the jury.
       Ingraham and McLaughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

