### PEOPLE v. AMERICAN ICE CO.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

**1.** DISCOVERY—STATUTORY PROVISIONS—WRITINGS AND MATTERS SUBJECT TO INSPECTION.

In an action against an ice company under Laws 1899, p. 1514, c. 690 (an act to prevent monopolies), for the purpose of avoiding contracts alleged to have been made by defendant with a view to establishing a monopoly in the ice business, an order granting plaintiff a discovery and inspection of books, papers, accounts, and other documents of the ice company properly allowed the inspection to extend back to the time of the organization of the corporation, rather than only to the beginning of the period covered by its present administration, since the inquiry is directed to the accounts of the corporation, and not those of any particular set of officers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 114.]

**2.** SAME.

The order of discovery and inspection, under the circumstances, improperly allowed the plaintiff to examine every scrap of paper in defendant's possession, in the mere hope that something might be found to sustain the allegations of the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 113.]

**3.** SAME.

The order improperly included an examination of books of account, vouchers, etc., tending to show the profits of the ice company, or the unreasonableness of its profits, since these matters did not tend to show that the contracts, the validity of which was attacked, were entered into with the view to the creation of a monopoly.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 115.]

**4.** SAME.

Where the order of inspection and discovery directed against a corporation was for the purpose of showing that it acquired stocks in other corporations, it improperly.included an inspection of the company's stockbooks, since this would only show who its stockholders were.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 115.]

Appeal from Special Term, New York County.

Action by the people against the American Ice Company. From an order requiring defendant to produce books and papers for inspection, it appeals. Modified and affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Julien T. Davies, for appellant.

William A. Deford (William Harmon Black, on the brief), for the People.

SCOTT, J. This action is brought under chapter 690, p. 1514, of the Laws of 1899, for the purpose of avoiding a large number of contracts alleged to have been made by defendant with a view to establish a monopoly in the ice business, and to restrain the commission of acts in the future looking to the maintenance of such a monopoly. The defendant appeals from an order granting to plaintiff a discovery and inspection of books, papers, accounts, and other documents.

The defendant has already, by stipulation, given to plaintiff the opportunity to examine and copy a considerable portion of the books, contracts, and documents covered by this order, and, as was stated upon the argument, the inspection is now proceeding under that stipulation. The defendant was incorporated in 1899, and the plaintiff seeks to examine as to contracts made by it from the date of its incorporation. The defendant, for some reason not apparent to us and not clearly disclosed upon the argument, insists that such examination shall be limited to a period covered by the present administration of defendant, stated to be since March 8, 1904. It may be that none of the contracts entered into prior to that date are now in force; but as to that fact the plaintiff is entitled to resort to the evidence, and should not be compelled to rely upon the defendant's general assertion. Furthermore, whether in force now or not, contracts made prior to March 8, 1904, may have a very important bearing upon the intent and purpose of contracts entered into after that date. However often the administration may change, the corporation remains the same, and the present inquiry is directed to the acts of the corporation, and not to those of any particular set of officers. So far, then, as the examination is permitted to go, it should cover the whole period since the organization of the company.

The order, however, as made, is too broad. The plaintiff should not be given a roving commission to examine every scrap of paper in defendant's possession, in the hope that something may be found to sustain the allegations of the complaint. All contracts, whether entered into before or after May 8, 1904, should be open to examination, as well as all correspondence had with the persons or corporations with whom such contracts were made, or their agents, including letterpress copies of letters sent by defendant; for it is easily conceivable that such correspondence may throw light upon the meaning, intent, purpose, and effect of the contracts themselves. We can see no propriety or materiality in permitting at the present time an examination of the books of account, vouchers, etc., tending to show the profits made by defendant or the unreasonableness of the prices charged by it. The test of the legality of the contracts sought to be avoided is, not whether or not they resulted profitably or unprofitably to defendant, but merely whether or not they were entered into with a view to the creation of a monopoly. People v. Sheldon, 139 N. Y., 251, 34 N. E. 785, 23 L. R. A. 221, 36 Am. St. Rep. 690. Nor do we consider that plaintiffs have shown themselves to be entitled to examine the stock lists and stock ledgers of defendant. The avowed purpose of this examination is to show that defendant acquired stock in other cor-

porations; but it is manifest that this fact will not be shown by examining the stockbooks, showing who have owned stock, from time to time, in the defendant corporation.

These views suggest the modification of paragraphs 5 and 6 of the order appealed from, so as to limit the letters and copies of letters to be examined to those passing between the defendants, its officers and agents, and persons or corporations with whom it has made contracts challenged by this action, or their officer or agents, and the elimination of paragraphs 7 to 18, inclusive, and 20 to 22, inclusive; and, as so modified, the order will be affirmed, without costs to either party in this court. It may be that, upon the examination to be authorized by the modified order, facts will be disclosed to justify the examination of some of the books, papers, and documents, the justification or necessity for examining which is not now apparent. If such should prove to be the case, the plaintiff may apply for a further examination, and the order to be entered herein will be without prejudice to such subsequent application. · All concur.