## PEOPLE v. AMERICAN ICE CO.

(Supreme Court, Appellate Division, First Department.   December 17, 1909.)

1. CORPORATIONS (§ 651*)—FOREIGN CORPORATIONS—UNLAWFUL ACTS—REMEDIES.
> Code Civ. Proc. § 1948, prior to the amendment of 1909 (Laws 1909, c. 28 [Consol. Laws, c. 23] and chapter 65), provided that the Attorney General could maintain an action against a foreign corporation, exercising corporate rights within the state not granted by laws of the state, or which within the state has violated any law, where in a similar case a domestic corporation would under section 1798 be liable in an action to vacate its charter, or which exercises within the state any corporate rights contrary to public policy.   The only statutory provisions with respect to the judgment to be rendered in such an action are those of Code Civ. Proc. § 1955, providing that final judgment for plaintiff in such action must perpetually restrain defendant from the commission or continuance of the act or acts complained of, and of Laws 1899, p. 1514, c. 690, § 3, now Consol. Laws,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

c. 20, § 342, which also provides only for an injunction. *Held* not to restrict the people's remedy to injunction.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 651.*]

2. MONOPOLIES (§ 24*)—FOREIGN CORPORATIONS—ACTIONS—PLEADING—MOTION TO STRIKE—DECISION AS TO APPROPRIATE RELIEF.

A complaint in such an action against an ice company alleged to have created a monopoly being framed upon the theory that the people are entitled to relief both by injunction and by the cancellation of the certificate authorizing defendant to do business in the state, and containing appropriate allegations for such relief, the relief to which plaintiff was entitled not being entirely free from doubt, it was error for the court on defendant's motion to strike out allegations of numerous contracts alleged to have been made by defendant in violation of statutes, and fully executed, on the theory that the only relief which the people could obtain was an injunction restraining the further execution of existing contracts, with respect to the purchase of ice, limiting the output, and leaving the supply entirely to defendant without competition, but plaintiff should be permitted to prove any violation of law by defendant since it obtained the certificate to do business within the state, after which it would be for the trial court to decide whether plaintiff should be confined to an injunction against further violations of the statutes or against further performing live contracts, or forfeiture and annulment of its right to do business in the state.

[Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 24.*]

3. MONOPOLIES (§ 24*)—FOREIGN CORPORATIONS—ACTIONS—PLEADING.

Mere allegations that defendant had repeatedly violated the statutes without setting forth any act such as making a contract to obtain a monopoly, constituting a violation, would render the complaint demurrable, and, if certain acts in violation of the statutes are set out, the people would be precluded on objection from proving other specific acts under the general allegations of the complaint.

[Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 24.*]

4. MONOPOLIES (§ 24*)—FOREIGN CORPORATIONS—PLEADING.

Even if it were perfectly clear that the people would only be entitled to an injunction, it would not follow that the allegations as to expired contracts should be stricken out, where in most instances, if not in all, they preceded the unexpired contracts, and the history of the transaction was essential to clearly show the purpose of defendant in making the contracts fully performed, and still in force, which was an important, if not the controlling, inquiry.

[Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 24.*]

5. MONOPOLIES (§ 24*) — FOREIGN CORPORATIONS — ACTIONS—PLEADING—SUFFICIENCY OF ALLEGATIONS.

In an action by the people against a foreign corporation to restrain it from violating the laws of the state by combining with others to create a monopoly in the ice business, and to cancel its certificate, assuming that it was necessary to plead contracts between defendant and others having the effect of creating a monopoly, it was not required to set forth copies of all of the terms thereof, but only to allege the effect of the provisions thereof, so far as material, not to the contract, but to the issues presented for trial, which merely required that the terms and provisions of a contract be sufficiently stated to show a violation of the statute, or that the purpose of defendant in making them contravened some public policy of the state.

[Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 24.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

6. PLEADING (§§ 313, 367*)—MOTIONS—MAKING MORE DEFINITE—BILL OF PAR-
TICULARS.

    If defendant desired copies of the contracts referred to, his remedy
would be by motion for a bill of particulars, and not by a motion to make
the complaint more definite.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 949, 1173–1193;
Dec. Dig. §§ 313, 367.*]

    Appeal from Special Term, New York County.

    Action by the People against the American Ice Company. From an order striking out certain allegations of the complaint, and requiring that others be made more definite and certain, etc., plaintiffs appeal. Reversed, and motion denied.

    See, also, 54 Misc. Rep. 67, 105 N. Y. Supp. 650.

    Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

    Ezra P. Prentice, Deputy Atty. Gen. (Jacob Frank, Deputy Atty. Gen., on the brief), for the People.

    Joseph S. Auerbach, for respondent.

    LAUGHLIN, J. The defendant is a corporation organized under the laws of New Jersey on the 11th day of March, 1899. It has been, and is, conducting business in the city of New York under a certificate issued by the Secretary of State on the 14th day of April, 1899, pursuant to the provisions of section 15 of the general corporation law (Consol. Laws, c. 23), with respect to permitting foreign corporations to carry on business in this state. The action is brought by the people in their sovereign right for redress by way of injunction and a cancellation of the permit to do business, on the ground that the defendant has deliberately, repeatedly, and continuously violated the provisions of section 7 of the stock corporation law (chapter 564, p. 1066, Laws 1890, now section 14, c. 61, Laws 1909, being chapter 59, Consol. Laws), and sections 1, 3, c. 690, p. 1514, Laws 1899, now sections 340, 342, chapter 25, Laws 1909, being chapter 20 of Consolidated Laws), by combining with other corporations and persons for the creation of a monopoly in the ice trade in the city of New York and adjacent territory, and for the unlawful restraint of trade in said business, by limiting the production and sale of ice in the city and adjacent territory in the state, and for the prevention of competition therein, and has conducted and is conducting its business in contravention of the public policy of this state, and, in violation of the provisions of section 168 of the Penal Code, has conspired with other persons and corporations to commit acts injurious to trade and commerce with respect to the production and sale of ice, and to commit crimes with respect thereto.

    The complaint contains seven counts and the relief demanded is threefold; First, that the consummation and execution of certain contracts and the repetition of certain alleged illegal acts be enjoined; second, that the defendant be perpetually enjoined from interfering with or preventing competition in the supply and sale of ice in Greater New York and surrounding towns within the state; and, third, that it be adjudicated that the defendant has violated the provisions of sec-

tion 7 of the stock corporation law and chapter 690, p. 1514, Laws 1899, and has acted contrary to the public policy of our state in the exercise of its rights, privileges, and franchises, and has abused the right, privilege, and franchise of doing business within this state, and that its certificate of authority to do business here be revoked and annulled, and that it be forever enjoined from exercising any corporate right, privilege, or franchise within this state, and be ousted from and forever enjoined from exercising any right, privilege, or franchise or power to do business here, with the usual prayer for other and further relief. The action was commenced on the 6th day of July, 1908, and it was then authorized by section 3 of chapter 690, p. 1514, Laws 1899, and by section 1948 of the Code of Civil Procedure. The provisions of said section 1948, so far as material, were at the time the action was commenced as follows:

"The Attorney General may maintain an action, upon his own information, or upon the complaint of a private person, in either of the following cases: * * *

"(4) Against a foreign corporation which exercises within the State any corporate rights, privileges or franchises, not granted to it by the law of this State; or which within the State has violated any provision of law, or, contrary to law, has done or omitted any act, or has exercised a privilege or franchise, not conferred upon it by the law of this State, where, in a similar case, a domestic corporation would, in accordance with section seventeen hundred and ninety-eight of this act, be liable to an action to vacate its charter and to annul its existence; or which exercises within the State any corporate rights, privileges or franchises in a manner contrary to the public policy of the state."

This section has since been amended by making the reference to section 131 of the general corporation law, instead of to section 1798 of the Code of Civil Procedure, which was repealed. Chapter 65, Laws 1909, and chapter 28, Laws 1909. The extent of the relief to which the people may be entitled on proof of the allegations of the complaint is not entirely clear. The only statutory provisions with respect to the judgment to be rendered in such an action appear to be those contained in section 1955 of the Code of Civil Procedure, which commands that a final judgment in favor of the plaintiff in such an action "must perpetually restrain the defendant or defendants * * * from the commission or continuance of the act or acts complained of," and the provisions of section 3, c. 690, p. 1514, Laws 1899 (now section 342, c. 20, Consol. Laws), which likewise only provides for an injunction. It does not necessarily follow that the only relief to which the people may become entitled in any event is an injunction. There seems to be no authority conferred upon the Secretary of State to revoke a certificate issued to a foreign corporation to do business in this state. The learned counsel for the respondent contends that a special act of the Legislature would be necessary to annul the right of the defendant to transact business in this state under the certificate issued to it by the Secretary of State. Since the action is authorized in behalf of the state to redress violations of our statutes by a foreign corporation having no right to do business within the state, excepting by license from it which it may grant or revoke at will, it may well be argued that, when the Legislature authorized an action to be brought on account of such violations, the court may, on proof showing willful, systematic, and con-

tinuous violations of our laws, annul or declare a forfeiture of the right of the corporation to do business here, following and adopting, by analogy, the remedy prescribed in actions against a domestic corporation for violation of its corporate rights or "any provision of law, whereby it has forfeited its charter, or become liable to be dissolved, by the abuse of its power." Code Civ. Proc. §§ 1798, 1801.

It is not necessary to express an opinion on the merits with respect to that question now, nor do we deem it proper to do so. The complaint is framed upon the theory that the people are entitled to relief both by way of injunction and the cancellation of the certificate authorizing the defendant to do business in the state, and it contains appropriate allegations bearing upon the right of the people to such relief. The court should not, on a motion to strike out allegations of a pleading, attempt to decide, in a case not entirely free from doubt, the relief to which the party whose pleading is attacked may become entitled on proof of the facts stated. That question should be left to the trial court. These views require a reversal of the order for the learned trial court in striking out numerous allegations of the complaint, evidently proceeded upon the theory that the only relief which the people can obtain in the action in any event is an injunction restraining the further execution of existing contracts with individuals and corporations with respect to the purchase of ice, with respect to limiting the output, and with respect to leaving the supply of ice in the city of Greater New York and certain other adjacent territory entirely to the defendant without competition. The people have specified numerous contracts alleged to have been made by the defendant in violation of all or some of the statutes to which reference has been made, which contracts have been wholly executed. These allegations have all been stricken from the complaint. We are of opinion that they were not irrelevant, that they were germane to the issues presented for determination and decision on the trial, and that the court erred in striking them out. The plaintiff should be permitted to prove any violation of our laws by the defendant since it obtained the certificate to do business within the state, and, as already observed, it will then be for the trial court to decide whether, if plaintiff shall be entitled to relief, it shall be confined to an injunction against further violations of the statutes, or against further performing live contracts or forfeiture and annulment of its right to do business here. The defendant cannot possibly be prejudiced by the allegations with respect to these contracts in the sense that it is aggrieved thereby, and should not be compelled to plead thereto. The allegations apprise the defendant of the particular acts upon which the people rely. It is extremely doubtful whether, without pleading the making of the contracts, claimed to have been entered into with a view to creating a monopoly, the people would have a right to prove them on the trial. It is manifest that if the people merely alleged that the defendant had repeatedly violated the statutes of the state, without setting forth any act such as making a contract for the purpose of obtaining a monopoly, constituting a violation, the complaint would be insufficient, and a demurrer thereto would be sustained. So, likewise, where the people set forth certain acts

in violation of our statutes, they would doubtless be precluded on an objection duly taken from proving other specific acts upon the trial under the general allegations of the complaint. These observations apply to all of the parts of the complaint which have been stricken out, and it is unnecessary, therefore, to consider in detail the allegations, which are very voluminous. It may also be observed that, even if it were perfectly clear that the people would only be entitled at most to an injunction, still it would not follow that the allegations with respect to expired contracts should have been stricken out. In most instances, if not in all, they preceded the unexpired contracts, and the history of the transactions is essential to clearly show the purpose and object of the defendant in making the contracts which have not been fully performed and are still in force, and this is an important, if not the controlling, inquiry. People v. Am. Ice Co., 120 App. Div. 234, 104 N. Y. Supp. 858; People v. Sheldon, 139 N. Y. 251, 34 N. E. 785, 23 L. R. A. 221, 36 Am. St. Rep. 690.

The order also requires that the plaintiff make the complaint more definite and certain "by showing in the case of each repetition in 'the first cause of action' of allegations of a contract alleged to have been made between the same parties whether the same contract is in each instance referred to; and, if so, that the complaint be relieved of the resulting redundancy in that each contract be described but once," and by setting forth in full the contracts referred to in paragraph 10 of the complaint or by stating in full the legal effect of all the material terms thereof. We are of opinion that the complaint was sufficiently definite in these particulars, and that the order in this regard is likewise erroneous.

With respect to the alleged repetition "of allegations of a contract alleged to have been made between the same parties in 'the first cause of action,'" we fail to discover any indefiniteness or redundancy with respect thereto. If the defendant desires copies of the contracts referred to in paragraph 10 of the complaint, its remedy is by a motion for a bill of particulars, and not to make the complaint more definite and certain. Assuming, as we do, that it was essential that the plaintiff plead the contracts, it was not required to set forth copies or all of the terms thereof, but was only required to allege the effect of the provisions thereof so far as material, not to the contract but to the issues here presented for trial, which required merely that the terms and provisions of the contract be sufficiently stated to show a violation of our statutes, or that the purpose and object of the defendant in making and executing it contravened some public policy of the state. In each instance of which complaint is made we find allegations of facts tending to show that each and every of the contracts by its terms and provisions or by the object and purpose for which it was made and which was designed to be accomplished and was or will be accomplished thereby was in violation of our statutes and of the public policy of the state.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.