## SCHREIBER v. VILLAGE OF DEPEW.

(Supreme Court, Appellate Division, Fourth Department.   March 9, 1910.)

1. DAMAGES (§ 132*)—PERSONAL INJURIES—AMOUNT—EXCESSIVENESS.

> Where plaintiff suffered a Colles fracture at the lower end of the right radius, and her wrist and hand were disfigured, and their usefulness to some extent was permanently impaired, and she has been unable to do her usual housework, and has not the control of her thumb or the normal strength of her wrist. a verdict for $2,500 was not excessive.
>
> [Ed. Note.—For other cases, see Damages, Cent. Dig. § 379; Dec. Dig. § 132.*]

2. PLEADING (§ 245*)—AMENDMENT—AUTHORITY OF COURTS.

> Though the trial court has the power to allow a plaintiff in an action for personal injuries to amend his complaint at the trial and increase the amount of damages demanded, such an application should ordinarily not be granted, without showing proper grounds therefor and excusing the failure to make the application before the trial.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 659, 660; Dec. Dig. § 245.*]

3. APPEAL AND ERROR (§ 1041*)—HARMLESS ERROR.

> In an action for personal injuries, where plaintiff was allowed to amend the complaint at the trial and increase the amount of the damages, without a proper showing why it was not amended before trial, the error was harmless, where the court by the same order allowed the defendant to amend its answer, and where the verdict was not excessive.
>
> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4107; Dec. Dig. § 1041.*]

Appeal from Trial Term, Erie County.

Action by Martha Schreiber against the Village of Depew.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

S. Jay Ohart, for appellant.
John C. Hubbell, for respondent.

KRUSE, J.   The action is to recover damages for personal injuries resulting from a fall upon a defective sidewalk.   On the evening of October 25, 1906, the plaintiff and her daughter were walking side by side upon the sidewalk in question.   The sidewalk consists of boards or plank laid crosswise upon stringers.   These had been nailed to the stringers; but the walk had become old and rotten, and the nails loose. The daughter stepped on one end of a board.   The other end flew up and tripped the plaintiff, and she fell.   She had a Colles fracture at

-----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the lower end of the right radius, which is the important bone of the forearm and rotates the hand. Her wrist and hand have been disfigured, and their usefulness to some extent permanently impaired. She has been unable to do her usual housework, and has not the control of her thumb or the normal strength of her wrist.

Plaintiff had a verdict of $2,500. I think it is none too large. I have no doubt of the liability of the village, and the only question which calls for discussion is that arising out of the amendment of the complaint upon the trial of the action.

The complaint was amended by increasing the amount of the damages from $1,000 to $2,500. A formal order amending the complaint was entered; but the defendant was also permitted to amend its answer, which was likewise embodied in the same order. The application to amend the complaint was made after the plaintiff had rested and the defendant had opened its case. Plaintiff's counsel then stated that, if it was permissible to amend the complaint to increase the amount of the damages asked, he would move that the complaint be amended by demanding $2,500 damages, instead of $1,000. There was no suggestion of surprise or excuse for not having made the application to amend the complaint before proceeding to trial. While the trial court undoubtedly had power to allow the amendment, such an application should ordinarily not be granted, without showing proper grounds therefor, and excusing the failure to make the application before trial. We have had occasion recently to pass upon the question in a similar action, and the judgment was reversed, and a new trial granted, for allowing just such an amendment. Kenney v. South Shore Natural Gas & Fuel Co., 126 App. Div. 236, 110 N. Y. Supp. 503.

In this case, however, the defendant's answer was also amended, and the defendant had whatever benefit the order gave it in that respect. Under these circumstances, and in view of the fact that the damages awarded do not seem to be excessive, I think the verdict should be permitted to stand.

The judgment and order should therefore be affirmed, with costs. All concur.