BROWN v. HOFFMAN.  (No. 6842.)

(Supreme Court, Appellate Division, First Department.    February 5, 1915.)

1. DISCOVERY (§ 42*)—EXAMINATION BEFORE TRIAL—DENIAL—GROUNDS.

In an action for libel and slander, it was improper to deny an examination of defendant before trial as to the utterance of the alleged slander and libel on the ground that the matters were privileged, as plaintiff's right to sue should not be definitely passed upon on a mere practice motion; but, unless the complaint is so bad that no argument can be made in its behalf, his rights should be determined in such a manner that he may have an appeal as a matter of right, and not as a mere matter of discretion.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 55; Dec. Dig. § 42.*]

2. DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL—SUBJECT-MATTER OF EXAMINATION.

In an action for libel and slander, plaintiff was entitled to examine defendant before trial as to whether he spoke and wrote the words complained of, as plaintiff would be compelled to prove this, and was entitled to prove it by defendant.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Appeal from Special Term, New York County.

Action by Max Brown against Benjamin Hoffman.  From an order vacating an order for the examination of defendant before trial, plaintiff appeals.  Reversed, and order for examination before trial modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Max Brown, of New York City, for appellant.
Henry A. Friedman, of New York City, for respondent.

SCOTT, J.  Plaintiff is a lawyer.  Defendant is a justice of the Municipal Court.  The plaintiff sues upon two causes of action—one for slander and one for libel, alleging that defendant, while sitting on the bench, uttered slanderous words, and wrote a libelous statement concerning plaintiff.

[1, 2] Defendant denies both the slander and the libel, and pleads privilege.  The order vacating the order for defendant's examination was made, and is sought to be sustained, on the ground that the matters complained of, even if spoken and written by defendant, were absolutely privileged, and that plaintiff cannot successfully sue thereon.  This in effect would determine the controversy in defendant's favor.  It is not customary, and, as we think, seldom proper, to pass definitely upon a plaintiff's right to sue on a mere practice motion.  Unless a complaint or answer is so bad that no argument can be made in its behalf, a party is entitled to have his rights determined in such a manner that, if the decision be adverse to him, he may review it on appeal as a right, and not as a mere matter of discretion.  Without expressing any opinion as to the validity of the defense of privilege under the circumstances alleged in the complaint, we think that it was error to vacate wholly the order for examination.  If the cause ever goes to trial,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff will be compelled to prove affirmatively that defendant spoke and wrote the words complained of. He is entitled to prove this fact by defendant himself.

The order appealed from will therefore be reversed, without costs to either party, and the order for defendant's examination be so limited as to permit an inquiry only as to the utterance of the alleged slander and libel. All concur.