STERN et al. v. PHILIPSBORN et al.   (No. 7722.)

(Supreme Court, Appellate Division, First Department.   November 12, 1915.)

1. PLEADING ☞364—MOTION TO STRIKE ALLEGATIONS—RELEVANCY.

Where, in an action for rent against a copartnership and appellant, a former member thereof, individually, appellant alleged in his answer that after his retirement from the partnership, and upon default in payment of rent, the other parties entered into an extension contract at less rent, that plaintiff, when entering into the new contract, knew of appellant's retirement under an agreement whereby the other partners were to assume the lease, and that after appellant's retirement the neighborhood ran down, partly because of plaintiff's removal of his department store therefrom, which influenced the new contract, it was error to strike out all the allegations, except that the extension contract was made, since, in view of their possible relevancy, appellant was entitled to present to the trial court the question whether under such facts he was discharged by the extension.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. ☞364.]

2. PLEADING ☞364—MOTION TO STRIKE—WHEN GRANTED.

Motions to strike out allegations of a pleading as irrelevant and redundant, especially from answers not requiring a reply, are not favored by the courts, and are granted only where the allegations stricken can have no possible bearing on the subject-matter of the litigation.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. ☞364.]

3. PLEADING ☞365—MOTION TO STRIKE—SCOPE.

The court will not determine the sufficiency of facts pleaded as a cause of action or defense, upon a motion to strike out allegations of a pleading for irrelevancy or redundancy.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1163–1172; Dec. Dig. ☞365.]

4. PLEADING ☞362—MOTION TO STRIKE—SCOPE.

Where the sufficiency of the facts pleaded as a cause of action or defense is not presented to the trial court by demurrer or motion for judgment on the pleadings, the proper practice is to test such facts on the trial by objections to evidence, and not by motion to strike out.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. ☞362.]

Appeal from Special Term, New York County.

Action by Louis Stern and others against Maximilian Philipsborn and others.   From an order striking out parts of his answer, defendant Katz appeals.   Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Laurence Arnold Tanzer, of New York City (Mathias L. Connes, of New York City, on the brief), for appellant.

Wendell P. Barker, of New York City, for respondents.

LAUGHLIN, J.   This is an action on leases in writing of premises No. 12 West Twenty-Third street and No. 1 West Twenty-Second street, in the borough of Manhattan, New York, to defendants, and it is brought to recover for rent, taxes, and assessments alleged to have

become due and owing under the leases at various times from February 1, 1914.

[1] The appellant answered separately, and pleaded both as a complete and partial defense that the leases of the premises were taken by the copartnership for the purpose of conducting its business as dealer in women's apparel; that the firm conducted the business on the leased premises through the instrumentality of a corporation organized by the firm under the laws of Illinois, under the name of "M. Philipsborn & Co."; that thereafter the firm organized another corporation under the laws of New York under the name of "Philipsborn's Outer Garment Shop," as another instrumentality in conducting the business; that the copartnership subleased the premises to the New York corporation, and the business was thereafter conducted by it on the premises in behalf of and in the interest of the firm; that thereafter the firm was dissolved by mutual agreement by the retirement of the appellant therefrom, and the appellant sold, assigned, and transferred all of his interest and all of his stock in the corporations to the defendant Maximilian Philipsborn, upon the understanding and agreement with appellant's former copartners that the business should thereafter be conducted by and for their sole interest and benefit, and that as between them he should be relieved from liability, and be under no further liability upon or by reason of any of the leases, and that all of his obligations thereunder were assumed by the defendant Maximilian Philipsborn, and that thereby appellant became and was thereafter, as between him and his former copartners, a surety with respect to the obligations arising under the leases; that he has not made any payment or caused any payment to be made on account of the rent of the premises for the quarter ending April 30, 1914, as alleged in the amended complaint; that in the year 1912 his former copartners became unable to pay the rent and taxes reserved in the leases, and failed to pay the same, and made default in the covenants of the leases with respect thereto; that the plaintiffs were informed of the facts with respect to appellant's retirement from the firm at the time of such retirement, and knew that, as between appellant and the other defendants, he occupied the position of surety with respect to the obligations under the leases, and that it became the right and duty of the plaintiffs upon said defaults to re-enter and relet the premises on account of the lessees pursuant to the provisions of the leases, but that instead of so doing they entered into negotiations with the other defendants for the continuance and extension of the terms granted by said leases and for the payment during such continued and extended terms of rent less than that stipulated in the leases, in lieu of re-entering and determining the terms of the leases, which would have obligated the lessees to pay the difference between the rent reserved and the rent that would have been received upon a reletting as provided in the leases; that at the time of the default in 1912 the rental value of the premises had begun to diminish, and continued to diminish until the time of the default alleged in the amended complaint, when the rental value was much less than in the year 1912; that at the time of the default in 1912, and for some time thereafter, the premises could have been rented at a much higher rental than could have been

obtained for them subsequently; that owing to changes in the character of the neighborhood, to which the depreciation in the rental value of the premises was due, it would not have been possible at any time since the defaults alleged in the amended complaint to have rented the premises for mercantile purposes for any substantial rental, and that the changes in the character of the neighborhood and the depreciation in the rental value were largely caused and greatly increased by the acts of the plaintiffs, before the defaults alleged in the amended complaint, in removing their department store from the immediate vicinity of said premises.

The appellant also in said separate defense interposed various denials to allegations of the amended complaint with respect to his having paid any rent since the dissolution of the firm, and with respect to the rent being due and owing from him, and with respect to a payment thereof, and further pleaded that by reason of the facts set forth at length in this defense, the substance of which has been stated, the appellant has been injured and his position has been changed, to his great disadvantage, and that he has been deprived of and obstructed and hindered in his right of protecting his interests by obtaining another tenant, or by otherwise avoiding or reducing a possible loss, and that "by reason of the premises it would be unjust and inequitable and contrary to law to hold this defendant liable under or by reason of said leases or either of them." All of these allegations have been stricken out, and as the defense attempted to be pleaded is left, with these provisions stricken out, it merely presents the question as to whether the appellant was released and discharged from liability by the agreement alleged to have been made between the plaintiffs and the other defendants for the continuance and extension of the terms, which by these allegations appear to have been only for the remainder of the terms covered by the leases at a lower rental, and the waiver by plaintiffs of their right of re-entry for the prior defaults. No allegation is left with respect to the dissolution agreement, or knowledge thereof on the part of the plaintiffs, or with respect to the change in the character of the neighborhood alleged to have been caused by the acts of the plaintiffs. It cannot be said, we think, that these facts are wholly irrelevant to the facts allowed to remain in the defense with respect to the making of the agreement for continuing or extending the terms of the leases. The appellant has the right to present to the trial court for decision, not merely the question as to whether he was discharged by the execution of the continuance or extension agreement to which he was not a party, but also by the making of that agreement in the light of the other facts which he has pleaded.

[2-4] Motions to strike out allegations of a pleading as irrelevant and redundant, especially where the pleading is an answer to which the plaintiff is not required to reply, are not favored by the courts, and are granted only where such allegations can have no possible bearing on the subject-matter of the litigation. Gutta-Percha & Rubber Mfg. Co. v. Holman, 150 App. Div. 678, 135 N. Y. Supp. 766; Indolli v. Lesster, 130 App. Div. 551, 115 N. Y. Supp. 46; Bradner v. Faulkner, 93 N. Y. 515; Dinkelspiel v. New York Evening Journal Co., 91 App.

Div. 96, 86 N. Y. Supp. 375; Day v. Day, 95 App. Div. 122, 88 N. Y. Supp. 504; Pope Mfg. Co. v. Rubber Goods Mfg. Co., No. 2, 100 App. Div. 353, 91 N. Y. Supp. 826; Rockwell v. Day, 84 App. Div. 437, 82 N. Y. Supp. 993; Pullen v. Seaboard Trading Co., 165 App. Div. 117, 150 N. Y. Supp. 719; Bogardus v. Metropolitan Street Railway Co., 62 App. Div. 376, 70 N. Y. Supp. 1094. The rule is also well settled that the court on such a motion will not determine the sufficiency of facts pleaded as a cause of action or defense on a motion to strike out. Brown v. Hoffman, 167 App. Div. 897, 151 N. Y. Supp. 573; Walter v. Fowler, 85 N. Y. 621; People v. American Ice Co., 135 App. Div. 180, 120 N. Y. Supp. 41; John Church Co. v. Parkinson, 86 App. Div. 163, 83 N. Y. Supp. 175; Vogt v. Vogt, 86 App. Div. 437, 83 N. Y. Supp. 677. Where the sufficiency of facts pleaded as a cause of action or defense is not presented to the court for decision in advance, by a demurrer or by a motion for judgment on the pleadings, it must be left to the trial court to decide whether evidence in support of the allegations will be of avail to the party pleading the facts, and the aggrieved party is then afforded a remedy by appeal from an adverse ruling, which he would not have if the allegations were stricken out on motion.

For this reason the court erred in striking out the allegations, and, without intending to express any opinion with respect to the effect thereof on the rights of the parties, we think the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order filed. All concur.