WILLIAM W. NILES, Appellant, *v.* BENJAMIN F. YOAKUM, Respondent, Impleaded with WILLIAM K. BIXBY and Others, Defendants.

First Department, July 13, 1917.

**Fraud — false representations inducing purchase of stock — liability of officers and directors of corporation — pleading — complaint — redundant and scandalous allegations.**

In an action against the directors and officers of a corporation to recover damages for inducing plaintiff to purchase stock by means of false and fraudulent representations, allegations in the complaint as to the fraudulent concealment of facts relating to the purchase of railroad materials at prices in excess of the market and true value thereof, by means of which

defendants withdrew from the corporation secret profits, and further allegations as to the purchase of properties and securities and branch lines at prices largely in excess of their cost or true value, and that these various purchases were carried into the annual report at their false and fraudulent value, thereby giving the assets an excessive valuation, constitute a sufficient statement of false and fraudulent representations, which, if the plaintiff proves were an inducing cause of his purchase, will entitle him to recover.

Said allegations should not be stricken out as redundant and scandalous.

A motion to strike out allegations from a pleading as redundant should not be granted unless the court can clearly see that the allegations have no possible bearing upon the subject-matter of the litigation.

If allegations are pertinent to the issue, they cannot be scandalous.

APPEAL by the plaintiff, William W. Niles, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of May, 1917, granting the motion of the respondent to strike out certain allegations of the complaint as redundant and scandalous and requiring plaintiff to redraft and serve an amended complaint.

*Henry B. Johnson*, for the appellant.

*Martin W. Littleton*, for the respondent.

PAGE, J.:

The action is brought by the plaintiff against Yoakum and others, who were directors and officers in control of the St. Louis and San Francisco Railroad Company, to recover damages in inducing the plaintiff to purchase second preferred stock in that company by means of false and fraudulent representations.

The portions of the complaint stricken out relate to the fraudulent concealment of the facts relating to the purchase of rolling stock, railroad materials and supplies at prices in excess of the market price and the true value thereof, by means of which the defendants withdrew from the company secret profits, bonuses and commissions. Also the purchase at prices largely in excess of the cost or true value thereof of properties and securities and branch lines of the railroad which had been purchased, constructed or procured to be constructed by the defendants or some of them, and the

advance by the railroad company of large sums of money, obtained by it from the sale of its bonds and securities at large discounts below the face value thereof, made to aid in the construction of lines of railroad in which said company had no ownership, but which were sold to it at large profits; that in these profits made by the defendants they all shared; that these various purchases were carried into the annual report at their false and fraudulent value, and the true cost and value thereof was concealed, whereby the assets were given an excessive valuation. This, in my opinion, constitutes false and fraudulent representations which, if the plaintiff proves were an inducing cause of his purchase of stock would entitle him to recover. There are no other allegations of the complaint under which the proof of these facts would be admissible. In *Dinkelspiel* v. *New York Evening Journal Co.* (91 App. Div. 96) it was held that a motion to strike out allegations from a pleading as redundant should not be granted unless the court can clearly see that the allegations have no possible bearing upon the subject-matter of the litigation. If they are pertinent to the issue, they cannot be scandalous.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.