# SAWYER v. MUNSON S. S. LINE.
## No. 5763.

District Court, E. D. New York.
Feb. 24, 1934.

Gazan & Caldwell, of New York City, for plaintiff.

Tompkins, Boal & Tompkins, of New York City, for defendant.

MOSCOWITZ, District Judge.

The complaint in this action contained two counts. In the first count it was alleged that the plaintiff sustained injuries due to defendant's negligence. On this count the plaintiff claimed the sum of $10,000. Count two alleged a cause of action for failure to furnish proper and sufficient medical and hospital attention. Plaintiff sought $10,000 under this count. The concluding paragraph of the complaint demanded a judgment of $20,000.

At the trial a third count for maintenance and cure was added. On the trial the second count was eliminated at the request of plaintiff's counsel. On consent of counsel for the plaintiff and for the defendant, the jury were instructed that, if they found a verdict for the plaintiff on the first and third counts, such damages should be included in one verdict.

After all the evidence was in and the defendant's counsel had summed up to the jury, plaintiff's counsel moved to amend the complaint by increasing the damages under count one to $25,000. In making the motion to amend, plaintiff's counsel stated as his reason: "Because I propose to ask the jury not to consider the second cause of action as a ground of liability." Defendant's counsel objected, stating:

"If your Honor please, the second cause of action is included in the first, and if he refers back to include any damages he could refer to the second, and I do not see why he should be allowed now to increase the damages claimed.

"Mr. Gazan: I could do it after the verdict if I wanted to.

"Mr. Boal: In the first count? * * *

"Mr. Gazan: Here is the situation: The final prayer of the complaint is for $20,000. Then under each separate count there has been a figure put upon it of $10,000. The first is $10,000 upon the second. I just want to avoid any possibility that if the jury finds more than $10,000 on the second count I will not have to amend the verdict.

"The Court: What do you say about it?

"Mr. Boal: I do not think that the two causes of action are cumulative at all. They are for the same injuries. If he puts the maximum value of $10,000 on his injuries, and he is trying to recover first on one theory of liability and in the second count on another theory of liability, and if he gets one he cannot get both; but if he gets the first one he is not entitled to the second one.

"Mr. Gazan: I am entitled, as a matter of right, to increase the amount of damages prayed for.

"The Court: I will reserve decision upon the motion."

This was all in the presence of the jury. A verdict was rendered by the jury in the sum of $18,500.

If the jury believed the plaintiff's version of the action and that of his doctors, the verdict was not excessive.

Motion to increase the amount of damages should not be made at the trial of the action, but should be made in advance of the trial. Said motion is therefore denied. Kenney v. South Shore Natural Gas & Fuel Company, 126 App. Div. 236, 110 N. Y. S. 503; Schreiber v. Village of Depew, 137 App. Div. 433, 434, 121 N. Y. S. 757; Walker v. Bradt, 225 App. Div. 415, 233 N. Y. S. 388, and Quarantiello v. Grand Trunk Railway Co. of Canada et al., 145 App. Div. 138, 129 N. Y. S. 109.

Defendant's counsel in his brief suggests that the court should deny the motion for leave to amend the complaint and either order a new trial or reduce the verdict to the amount claimed under count one, that is, $10,000.

In view of the fact that count one as originally drawn requested the sum of $10,000 and count three, which was added at the trial, demanded maintenance and cure, the court will permit the verdict to stand in the sum

194

of $11,000; that is $10,000 for damages and $1,000 for maintenance and cure. If, however, the plaintiff is dissatisfied with the sum of $11,000, he may, within ten days after the entry of an order on this motion, file a written request that the verdict be set aside. Said motion will then be granted and a new trial ordered, and the plaintiff may then move in the regular way at the motion part of this court to amend his complaint.

Motion granted as indicated. Settle order on notice.