(55 App. Div. 532.)

STIEFFEL et al. v. TOLHURST et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

PLEADING—REDUNDANCY.

> Reassertions of previous denials of plaintiff's right to sue, in a paragraph in an answer setting up the unconstitutionality of a statute on which the cause of action is based, may be stricken out as redundant, since such action cannot injure defendant; the previous denials reaching all the allegations of the complaint, and the paragraph not being otherwise in a condition to be reached by a demurrer.

Appeal from special term, New York county.

Action by Caroline R. Stieffel and others against Charles H. Tolhurst and others. From an order (66 N. Y. Supp. 538) denying a motion to strike out portions of an answer as irrelevant and redundant, and to require defendants to make other portions more definite and certain, plaintiffs appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Wolcott G. Lane, for appellants.
Frank L. Eckerson, for respondents.

RUMSEY, J. The action is brought to recover of the defendants, as trustees of a stock corporation, a debt of the corporation, for which the defendants are liable because of the failure of the corporation to file the report required by section 30 of the stock corporation law. The first and second paragraphs of each of the answers contain a denial of every allegation of the complaint. The third paragraph, which is pleaded as a second defense, begins as follows:

"The above-named defendant, repeating and realleging the allegations contained in this answer, and set forth in paragraphs marked 'First' and 'Second' of said answer, as fully and as completely as if herein again set forth, alleges," etc.

The remaining allegations of the second defense are that section 30 of the stock corporation law is unconstitutional. We do not consider whether it was necessary to set up any such defense in

the answer, or whether the defendants might not have raised it by demurrer to the complaint. As both parties seem to be willing to treat it as a proper question to be raised by answer, we shall assume that they are correct in so doing.

The plaintiff complains that that portion of the second defense above quoted is redundant, but that does not necessarily require a court to strike it out. Ordinarily a party will be permitted to draft his pleadings to suit himself (Park v. Association, 30 App. Div. 508, 52 N. Y. Supp. 475); and no part of his pleading will be stricken out as irrelevant or redundant unless the court can see that the moving party is aggrieved by it, and that the striking it out does no harm to the pleader. That the right of the plaintiff to demur to the affirmative defense set up in the answer is seriously affected by the presence of these details cannot be denied. He can only demur to the whole answer, including the denials; and, although upon the trial of the issue of law thus raised the court might say that the affirmative defense is not sufficient, yet it could not sustain the demurrer, because of the presence in that answer of the denials of the whole complaint, which clearly are sufficient in law. Therefore the right of the plaintiff to demur to the affirmative defense contained in the third paragraph of the answer is substantially taken away by the presence of these denials. It is very clear that these denials are redundant, as they are simply reassertions of previous denials of all the facts set up in the complaint, and already included in the answer. They should therefore be stricken out, unless some harm may come to the pleader because of their absence. But it is quite clear that striking them out in this case will work no legal injury to the defendants. There still remains in the answer a complete and perfect denial of all of the allegations of the complaint. When the parties come to the trial of the issue of fact raised by the pleadings, the plaintiff will be compelled by those denials to prove every fact set up in his complaint. The defendants can gain no benefit from their repetition, as the denials do not add anything to their affirmative defense, which presents only the question whether, upon the facts proved, it is well taken. If these redundant allegations are stricken out, the defendants will be in precisely the same situation as they are now, except that the issue of law raised by the demurrer to the second defense can be raised and settled before incurring the expense and delay of a trial upon the issue of fact raised by the denials. The plaintiff, therefore, was entitled to have the redundant allegations stricken out. State v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362; Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47. So far as the motion to make the answer definite and certain is concerned, the conclusion of the court below in that regard was correct.

The order appealed from must therefore be modified by reversing so much of it as refused to strike out that portion of the answer com plained of as redundant, and by striking out that allegation, and as so modified affirmed, without costs to either party in this court. All concur.