HAFFEN v. TRIBUNE ASS'N.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

1. PLEADING—ANSWER—AFFIRMATIVE DEFENSE—DENIALS.

A general denial may never be included in an affirmative defense of new matter, while a special denial may be so included only when necessary to make such defense complete and available, depending on the new matter pleaded.

2. SAME—MOTION TO STRIKE OUT.

Where denials are improperly included in an affirmative defense of new matter, the proper procedure is by motion to strike such denials.

3. LIBEL AND SLANDER—AFFIRMATIVE DEFENSES—REPEATING DENIALS AND AL-
LEGATIONS FROM ANSWER PROPER.

The repetition in the defense of justification, in an action for libel, of
the denial, from the answer proper, of false and malicious publication of
the article, and of the allegation therefrom that the words and matter
published were not published maliciously, is unnecessary; it being alleged
in such affirmative defense that the article was a true account of public
proceedings, privileged, and published without malice, in good faith, with
a belief in its truth, and in the public interest.

4. SAME.

From the affirmative defense, in an action for libel, that the article
was true, justified, and privileged, should be stricken the denial of the
extent of plaintiff's damages; this being immaterial under such a defense.

5. SAME.

For the purpose of supplementing the new matter set forth in the af-
firmative defense of truth, justification, and privilege, in an action for
libel, it properly repeats paragraphs of the answer proper; one alleging
the meaning of the article intended by defendant, and the other denying
the meaning alleged in the complaint, except as explained in the other
paragraph.

6. SAME.

In the affirmative defense of truth, justification, and privilege, in an
action for libel, a paragraph of the answer proper, consisting of an admis-
sion that defendant did publish of and concerning plaintiff an article,
which is set out at length, is properly repeated, it making such defense
complete, and setting out the identical article published.

7. SAME—PARTIAL DEFENSE.

An affirmative defense of new matter, pleaded as a partial defense and
in mitigation or reduction of damages, in a libel suit, properly repeats a
paragraph of the answer proper, denying the allegation of the complaint
as to extent of damages, such a denial being necessary in a partial de-
fense.

Appeal from Special Term.

Action by Louis F. Haffen against the Tribune Association. From
an order denying plaintiff's motion to strike out certain portions of
the answer as irrelevant and redundant, plaintiff appeals. Modified
and affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE,
HOUGHTON, and SCOTT, JJ.

Louis O. Van Doren, for appellant.

Henry W. Sackett, for respondent.

McLAUGHLIN, J. This action is brought to recover damages
sustained by reason of the publication of an alleged libel. The com-
plaint contains six paragraphs, designated "First," "Second," "Third,"
"Fourth," "Fifth," and "Sixth." Except the formal parts, it sets forth
the article complained of, and alleged that it was published falsely and
maliciously of and concerning the plaintiff (paragraph fourth); that
the defendant intended thereby to charge the plaintiff with maladmin-
istration in office (paragraph fifth); and by reason of such publication
the plaintiff has been damaged in the sum of $100,000 (paragraph
sixth). The answer proper also contains six paragraphs, designated
"I," "II," "III," "IV," "V," and "VI." It denies the allegations con-
tained in the paragraphs designated "Fourth," and "Sixth" of the
complaint (paragraph I); alleges the meaning intended to be conveyed

by the article published "as set forth in paragraph V of this answer" (paragraph II); denies, except as alleged in paragraph II, each and every allegation contained in the fifth paragraph of the complaint (paragraph III); denies that plaintiff has suffered damage in any sum whatever (paragraph IV); admits the publication of an article, which it set forth at length (paragraph V); and alleges that the words and matter published were not published maliciously (paragraph VI).

Certain new matter is then pleaded as a first affirmative defense and in justification, the first paragraph of which is as follows:

"VII. The defendant realleges and repleads each and every of the allegations and denials contained in the paragraphs of this answer numbered I, II, III, IV, V, and VI with the same force and effect as if the same were here again repleaded and set forth at length."

Then follow certain facts which are pleaded as a second separate and partial defense and in mitigation or reduction of damages. This defense is as follows:

"The defendant repleads and realleges all the allegations and denials contained in the paragraphs of this answer numbered I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, and XVI with the same force and effect as if the same were here again repleaded and set forth at length."

The plaintiff moved to strike out of each of these defenses the reallegation of paragraphs I to VI of the answer, on the ground that the same were irrelevant and redundant. The motion was denied, and the appeal is from the order.

Code Civ. Proc. § 500 prescribes what an answer must contain: First, it must contain a general or specific denial of each material allegation of the complaint controverted by the defendant or of any knowledge or information thereof sufficient to form a belief; and, second, a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition. A denial, either general or specific, is not the statement of any new matter, and as such is improperly included in an affirmative defense (Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274), unless it be necessary to make such new matter complete, in order to constitute a defense (Fells v. Dumary, 84 App. Div. 105, 82 N. Y. Supp. 531), inasmuch as it is not a confession or avoidance of the matters alleged in the complaint. A general denial in an affirmative defense is always improper. A specific denial may or may not be, depending upon the new matter pleaded. Each separate defense pleaded must be complete in itself, and contain all that is necessary to answer the whole cause of action, or that part of it which it purports to answer. Brookline National Bank v. Moers, 19 App. Div. 155, 45 N. Y. Supp. 997. If the new matter pleaded is not complete without a specific denial, then it may be properly included. Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448. When an affirmative defense contains a general denial, its validity cannot be tested by demurrer. State of South Dakota v. McChesney, 87 Hun, 293, 34 N. Y Supp. 362; White v. Koster, 89 Hun, 483, 35 N. Y. Supp. 369; Fletcher v Jones, 64 Hun, 274, 19 N Y. Supp. 47; Stieffel v. Tolhurst, supra; Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp.

244. A specific denial cannot, however, be included in an affirmative defense unless it be necessary to make the defense complete and available, and, if improperly included, may be stricken out on motion. Stieffel v. Tolhurst, supra; Uggla v. Brokaw, supra; Stemmerman v. Kelly, 122 App. Div. 669, 107 N. Y. Supp. 379. This view is somewhat in conflict with the one expressed in Garrett v. Wood, 27 App. Div. 312, 50 N. Y. Supp. 950. There it was held that, where certain denials were realleged in a separate defense and were unnecessary to make the same effective, the court would consider that the pleader did not intend to incorporate such denials in aid of the new matter, and therefore the defense could be tested by demurrer. I am unable to adopt the reasoning, inasmuch as it seems to me it must be assumed that the pleader intended to incorporate in the defense the matters stated therein, and, before the validity of the defense could be tested by demurrer, the denials had to be gotten rid of by motion.

In the case now before us the first affirmative defense consists of allegations that, prior to the publication of the article complained of, grave charges of maladministration by the plaintiff were publicly made and taken up by various bodies, and a petition made to the Governor to remove him; that the Governor returned the petition with the suggestion that the matter be referred to the commissioners of accounts of the city of New York, who were investigating similar charges against another official; that such course was pursued, and that the mayor instructed the commissioners to look into the charges, of which proceedings the defendant was fully informed; that the investigation disclosed certain facts which led to the removal of the other official, and that the defendant was informed that the commissioners had found ground for charges against the plaintiff, which were stated; and that the article was a fair and true report of public and official proceedings, privileged, published in good faith without malice, and with a belief in its truth. There were included, as we have already seen, in this defense paragraphs I to VI of the answer.

Paragraph I consists of a denial of paragraphs fourth and sixth of the complaint, which allege false and malicious publication of the article—which is set out—and that the plaintiff has suffered damage to the extent of $100,000. There is no necessity, in order to make this defense complete, of pleading this denial, for it is alleged in the matter not complained of that the article was a true account of public proceedings, and was published without malice. Nor is the denial of the extent of plaintiff's damage necessary; for, if the article be true, justified, or privileged, it is immaterial what damage the plaintiff sustained. This paragraph, therefore, should have been stricken out, inasmuch as it prevented plaintiff testing the validity of the defense by demurrer. Paragraphs II and III of this defense, which allege the meaning of the article intended by the defendant, and deny the meaning alleged in the complaint, are properly pleaded for the purpose of supplementing the new matter set forth. It is proper to lay before the jury this new matter for the purpose of enabling it to determine which interpretation is correct

Paragraph III denies plaintiff's interpretation, except as explained in paragraph II, and therefore the court properly refused to strike

out either of these paragraphs. Paragraph IV, which denies that the plaintiff has suffered any damage, and paragraph VI, that the article was not published maliciously, are not necessary to make the defense pleaded available, are redundant and irrelevant, and should have been stricken out. As to paragraph IV, what damage the plaintiff sustained—the defense being justification—is immaterial, and, as to paragraph VI, defendant has pleaded in the XVI paragraph of this defense that the publication was made "without malice, in good faith, and in the public interest."

Paragraph V, which consists of an admission that the defendant did publish of and concerning the plaintiff an article, which is set out at length, is properly included in the defense. It makes the same complete, and sets out the identical article published. All of the allegations and denials of this first affirmative defense are then repleaded as a second separate and partial defense, and in mitigation or reduction of damages. The question presented, so far as it relates to this defense, has already been disposed of with one exception. I am of the opinion it was proper to plead in this defense.

Paragraph I of the answer denied the sixth paragraph of the complaint, which alleged the extent of plaintiff's damage. It is necessary, in a partial defense, to deny the extent of the damage alleged in the complaint. If such damage be not denied, the same would be admitted, and the facts pleaded as a partial defense and in mitigation would be unavailable.

The order appealed from, therefore, should be modified by striking out of the first affirmative defense paragraphs I, IV, and VI of the answer, and by striking out of the second partial defense paragraphs IV and VI, and, as thus modified, should be affirmed, with $10 costs and disbursements. All concur.