### OISHEI v. NEW YORK TAXICAB CO. et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. PLEADING (§ 124*)—AFFIRMATIVE DEFENSE—SPECIFIC DENIAL.
    A specific denial cannot be included in an affirmative defense, unless essential to make that defense complete and available; otherwise, it may be stricken on motion.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 124.*]

2. PLEADING (§ 124*)—AFFIRMATIVE DEFENSE—SPECIFIC DENIAL.
    Where, in an action by an attorney for a lien on the amount of a settlement between his client and defendant, defendant in its strict answer denied that the attorney had been retained by the client to prosecute the action against defendant, and that on the settlement with the client defendant did not agree to pay the attorney for his services in the case, a separate defense alleging such facts must be stricken on motion.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 124.*]

Appeal from Special Term, Kings County.

Action by Achille J. Oishei against the New York Taxicab Company and another. From an order of the Special Term, denying a motion to strike out paragraphs in the affirmative defense of defendant the New York Taxicab Company, plaintiff appeals. Reversed, and motion to strike granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and CARR, JJ.

Nelson L. Keach, for appellant.
G. V. Smith, for respondent.

JENKS, J. This is an action whereby plaintiff seeks to have his lien as attorney for defendant Rifici ascertained and foreclosed against Rifici, that he have judgment against Rifici for $500, that he be adjudged to have a lien on the amount of a certain settlement made by the defendant and Rifici to the extent thereof, or any other sum found due, and that the defendant be adjudged to pay to this plaintiff the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, &.Rep'r Indexes

amount of the lien found due out of the amount of the settlement. The defendant, "for a separate and further defense," pleaded in one paragraph that Rifici never retained the plaintiff as her attorney to prosecute this action against the defendant, and in another paragraph that upon the settlement of said action with Rifici by the defendant the said defendant did not agree to pay the plaintiff for his services as attorney in said case, and in another paragraph that an agreement, if any, made by the defendant for payment of the attorney's fees, was void under the statute of frauds. This appeal is from an order denying plaintiff's motion to strike out such first and second paragraphs on the ground that they do not constitute new matter, that they are unauthorized as new matter, and that defendant be compelled to specifically state the allegations contained in each of the paragraphs as a separate defense.

Examination of the pleadings shows that the defendant in its strict answer to the complaint denied both of the allegations now denied in the further separate and distinct defense. It is well settled that a specific denial cannot be included in an affirmative defense, unless essential to make that defense complete and available; otherwise, it may be stricken out on motion. Haffen v. Tribune Association, 126 App. Div. 675, 111 N. Y. Supp. 225, and authorities cited. I think that under these authorities, and also that of Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274, the order must be reversed, with $10 costs and disbursements, and the motion to strike out granted, with costs. All concur.