[1, 2] I think that there can be no doubt that plaintiff's cause of action accrued six months after the date of the deed, to wit, on the 26th day of November, 1906. It is true that a demand was necessary before suit should be brought, but section 410 of the Code of Civil Procedure provides: "Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete. * * *" Plaintiff's cause of action accrued, therefore, on the 25th day of November, 1906, and as more than six years have elapsed since the cause of action accrued the action is barred if it falls within the provisions of section 382 of the Code of Civil Procedure.

The plaintiff seeks to avoid the effect of this section by the claim that his cause of action is in equity, and therefore governed by section 388 of the Code of Civil Procedure. His remedy in equity is concurrent with his remedy at law, and therefore, when his remedy at law is barred, his cause of action in equity is barred also. Zweigle v. Hohman, 75 Hun, 377, 27 N. Y. Supp. 111; In re Neilley, 95 N. Y. 382; Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643; Borst v. Corey, 15 N. Y. 506.

The defendant is entitled to judgment dismissing the complaint upon the merits, with costs.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

David J. Wagner, of New York City, for appellant.
Solon B. Lilienstern, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Jaycox at Trial Term.

---

(164 App. Div. 355)

McAVOY v. PRESS PUB. CO. (No. 6161.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. PLEADING (§ 362*)—PARTIAL DEFENSE—DENIALS.

In an action for libel, where defendant, under the heading, "For a first separate and distinct defense herein, both whole and partial," pleaded certain facts, and therein repeated certain denials of material allegations of the complaint, rendering it impossible for plaintiff, either by demurrer or by motion for judgment on the pleadings, to test the sufficiency of the matters pleaded as a complete defense, plaintiff was aggrieved by such denials, and entitled to have them stricken out, but not to have them stricken from the partial defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

2. PLEADING (§§ 365, 367*)—MOTION TO STRIKE OUT—REQUIRING SERVICE OF AMENDED PLEADING.

Upon a motion to strike out allegations as irrelevant and redundant, and to have certain allegations made more certain, and for general relief, the notice of which did not demand that the facts pleaded together both as a complete and partial defense be separately pleaded, it was within the general prayer for relief for the court, which could not strike out the denials, to require the service of an amended pleading, setting forth the complete and partial defenses separately, and omitting the denials from the complete defense, and incorporating them in the partial defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1163–1172, 1173–1193; Dec. Dig. §§ 365, 367.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. LIBEL AND SLANDER (§ 94*)—PLEADING—TRUTH.

Where plaintiff pleaded the entire alleged libel and that it related to him, the defendant was entitled to plead the truth of the article, or certain parts of it; it then being for the court to limit the evidence to those parts of the article which were material either to the plaintiff's case or to the defense.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 219–225; Dec. Dig. § 94.*]

4. PLEADING (§ 364*) — STRIKING OUT REDUNDANT MATTER — ESTOPPEL TO MOVE.

Under Code Civ. Proc. § 545, auhorizing the court to strike out matter as irrelevant or redundant only on motion of a party aggrieved thereby, plaintiff in an action for libel, who had pleaded the whole article and had successfully opposed defendant's motion to eliminate part of it, could not be heard to complain that he was aggrieved by defendant's pleading of the truth of the article or any part of it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

Appeal from Special Term, New York County.

Action by Thomas F. McAvoy against the Press Publishing Company. From an order striking out certain allegations of the amended answer as irrelevant, and requiring a further amended answer, stating separately the facts claimed to constitute a complete defense and those claimed to constitute a partial defense, and omitting from the complete defense the denials of the allegations of the complaint, defendant appeals. Modified and affirmed.

See, also, 162 App. Div. 903, 146 N. Y. Supp. 1098.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles B. Brophy, of New York City, for appellant.

Henry L. Scheuerman, of New York City, for respondent.

LAUGHLIN, J. [1] This is an action for libel. The defendant pleaded certain facts under the heading, "For a first separate and distinct defense herein, both whole and partial." It therein repeated certain denials of material allegations of the complaint, which rendered it impossible for the plaintiff to test, either by demurrer or by motion for judgment on the pleadings, the sufficiency of the matters pleaded *as a complete defense*. The learned Special Term was therefore right in holding that the denials were improperly incorporated with facts pleaded as a complete deferse, and that plaintiff was aggrieved thereby and entitled to have them stricken out, and in ruling that such denials should not be stricken from the partial defense. Haffen v. Tribune Association, 126 App. Div. 675, 111 N. Y. Supp. 225.

[2] The motion was to strike out allegations as irrelevant and redundant, and to have certain allegations made more definite and certain, and generally for other and further relief. The learned counsel for appellant contends that, since the notice of motion did not demand that the facts pleaded together both as a complete and as a partial defense be separately pleaded, the court was without power to grant that relief. We are of opinion that since, in the form in which

the defendant pleaded the facts, the court could not strike out the denials, it was fairly within the general prayer for relief to require, as the court did, the service of an amended pleading setting forth the complete and partial defenses separately, and omitting the denials from the complete defense, and incorporating them in the partial defense. See Waltham Mfg. Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540.

[3] The appellant further contends that the allegations which have been stricken out were not irrelevant, and that the plaintiff is not aggrieved thereby, and, therefore, was without standing to make the motion, since section 545 of the Code of Civil Procedure authorizes the court to strike out matters as irrelevant or redundant only on motion of a party aggrieved thereby. The plaintiff pleaded the entire article, and alleges that it was maliciously composed and published of and concerning him, and was false. The allegations which have been stricken out as irrelevant aver the truth of parts of the article which do not, at least directly, relate to plaintiff. Plaintiff not only pleaded the entire article as relating to him, but when defendant, before answering, moved to strike out as irrelevant those parts of the article which the allegations of the answer that have been stricken out as irrelevant show were true, plaintiff opposed the motion, and filed an affidavit made by one of his attorneys, in which it was insisted that the "entire article annexed to the complaint relates to the plaintiff"; and the motion was denied, and the order was affirmed without opinion by this court. 162 App. Div. 903, 146 N. Y. Supp. 1098 (1914).

Doubtless the trial of the issues will not involve the determination of any facts, although published in the article, which do not relate to the plaintiff and have no bearing on actual or exemplary damages; but those questions were not presented by plaintiff's motion to strike out as irrelevant allegations to the effect that all or certain of the matters published in the alleged libelous article were true, since the plaintiff has based his complaint upon the entire article, and is not required to reply to the facts pleaded in the answer. All of the allegations which have been stricken out tend to show that the article published was true in whole or in part, and relate to nothing else. The plaintiff's position seems to be that the defendant should know which parts of the article he will claim on the trial relate to him, and that it should be confined to such parts in its justification and in pleading facts in mitigation. We are of opinion that that position is untenable. On the plaintiff's pleading, the entire article will be before the court and jury, and the defendant is likewise entitled to have its claim with respect to the truth of the article, or of certain parts of it, presented by its pleading. It will then be for the court to limit the evidence to those parts of the article which are material either to the plaintiff's case or to the defense.

[4] The plaintiff, having pleaded the entire article, and having successfully opposed defendant's motion to eliminate part of it, cannot now be heard to complain that he is aggrieved by defendant's pleading the truth of the article, or any part of the article. See Stokes v. Star Co., 69 App. Div. 21, 74 N. Y. Supp. 528; Hamilton v. Hamilton,

124 App. Div. 619, 109 N. Y. Supp. 221; Bradner v. Faulkner, 93 N. Y. 515.

It follows, therefore, that the order should be modified, by denying the motion to strike out allegations other than the denials with respect to which, as already observed, the Special Term correctly ruled, and, as modified, affirmed, without costs. All concur.