JOHN J. McDONALD, Appellant, v. PRESS PUBLISHING COM-
PANY, Respondent.

First Department, November 3, 1916.

Pleading — libel — answer — denial of innuendoes — denial of malice —
partial defense by way of mitigation — circumstances surrounding
alleged acts of plaintiff — investigation by defendant of charges
against plaintiff.

The answer of the defendant in an action for libel may deny allegations of
the complaint consisting of innuendoes which the defendant deems to
distort the articles published by it and to attribute to them unfair
meanings, and it may also deny allegations to the effect that the
charges of the defendant against the plaintiff were false and malicious.
Such denials should not be stricken out as irrelevant and redundant,
but are proper in a defense of justification and mitigation.

While innuendoes cannot enlarge the meaning of words alleged to be
libelous and may only explain them or make them applicable to the
plaintiff, or both, a defendant is not required to leave an innuendo
unanswered where it attempts to broaden or enlarge the words alleged
to be libelous.

It seems, that a denial of the allegations of the plaintiff that the charges
against him were false and malicious is unnecessary and should be
stricken out only where the defense itself affirmatively sets up that the
charges were true and published without malice, and that such denials
are permissible in connection with defenses which set up facts by way
of justification.

But a partial defense by way of mitigation and reduction of damages
should not contain an allegation of absence of malice nor, it seems,
deny the falsity of the article, for absence of malice coupled with proof
of the truth of the article would constitute a complete, not a partial,
defense.

Where the plaintiff was charged with advising a bidder on a municipal
contract to see a certain person and "arrange matters" so as to get the
contract, it is proper for the defendant to plead facts showing the circum-
stances leading up to and surrounding the plaintiff's alleged visit to the
bidder, and they should not be stricken out especially where, by plead-
ing the articles in full, the plaintiff brings into the case practically all
the matter which the defendant pleads in its answer.

Moreover, such facts may be set forth by the defendant as an answer to
the broad innuendoes made by the plaintiff where they tend, at least, to
show the truth of the charges against the plaintiff, if not to fully
justify the same.

So, too, defendant is entitled to allege that it made a careful investigation
of the charges, believed in their truth and published them without
malice.

APPEAL by the plaintiff, John J. McDonald, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of April, 1916.

*Claude L. Gonnet*, for the appellant.

*Charles B. Brophy*, for the respondent.

McLAUGHLIN, J.:

This appeal is from an order denying a motion to strike out or make more definite and certain portions of the answer. Four causes of action are set out in the amended complaint, based upon four articles published in defendant's newspaper in November and December, 1913. Annexed to and made a part of the complaint are extracts from such articles which it is claimed libeled plaintiff. The substance of them is that plaintiff advised a bidder for a contract to construct the Hudson river siphon of the Catskill aqueduct to see one McAvoy "to make arrangements" so that the bidder would get the contract.

In the 4th paragraph of the first cause of action are set forth innuendoes which it is said distort the portions of the articles relied on and attribute to them meanings which are not fairly to be inferred therefrom. The same paragraph alleges that the charges against the plaintiff were false and malicious. The allegations contained in this paragraph of the amended complaint are realleged in each of the other three causes of action.

The answer to the first cause of action, which is substantially the same as answers to each of the other three causes of action, is: (a) A general denial except an admission that the articles, partial copies of which are annexed to the amended complaint, were published in defendant's newspaper; (b) a separate and distinct defense of justification; (c) a separate and partial defense of justification consisting of a repetition of the affirmative matter alleged in the first defense; and (d) a separate and partial defense by way of mitigation and reduction of damages, which repeats the affirmative matter alleged in the first defense and in addition pleads defendant's good faith and lack of malice.

Each of the three defenses contain a denial of each and every allegation of paragraph 4 of the amended complaint, which, as stated, sets forth the innuendoes and alleges that the charges against the plaintiff were false and malicious. It is these denials which the plaintiff moved to strike out as irrelevant and redundant, or make more specific and certain.

It was proper, so far as the innuendoes are concerned, to include denials of them in the defenses of justification and mitigation, in order to make the defenses complete. (*Haffen* v. *Tribune Assn.*, 126 App. Div. 675; *Hollingsworth* v. *Spectator Co., No. 1*, 53 id. 291.) Indeed, I think such a denial is not only proper but necessary. It is well settled that an innuendo cannot enlarge the meaning of the words alleged to be libelous. Its purpose is either to explain the article or make it applicable to the plaintiff, or both. (*Van Heusen* v. *Argenteau*, 194 N. Y. 309; *Fleischmann* v. *Bennett*, 87 id. 231.) No good reason can be suggested why a defendant should be compelled to leave an innuendo unanswered if it attempts to broaden or enlarge the meaning of the words alleged to be libelous. To do so might subject the defendant to the risk at least of having it held on the trial that he had admitted that the words conveyed the meaning imported to them. For the same reason a defendant should not be put in a position where it would be difficult to justify the words used or to mitigate or reduce damages by reason of an admission that the words have the broader meaning attributed to them by the innuendo.

In *Haffen* v. *Tribune Assn.* (*supra*) it was held that a denial of the allegation in the complaint that the charges against plaintiff were false and malicious was unnecessary, and should be stricken out, where the defense itself affirmatively set up that the charges were true and published without malice. The first and second defenses here in question do not contain such allegations; they only set up certain facts by way of justification. If the converse of the rule stated in the *Haffen* case follows, as I think it does, then the denials of falsity and malice in these two defenses were necessary and proper, and the court correctly refused to strike them out.

The third and partial defense, by way of mitigation and

First Department, November, 1916.        [Vol. 174.

reduction of damages, presents a different question. There, absence of malice is expressly pleaded and the falsity of the article cannot be denied. (*Haffen* v. *Tribune Assn., supra.*) Absence of malice, coupled with proof of the truth of the article, would constitute a complete and not merely a partial defense.

It follows, therefore, that the court was right in refusing to strike out the denials in the answer as irrelevant and redundant, or to make them more definite and certain, save only as to the third partial defense, and as to that the order appealed from should be modified so as to require defendant to confine its denials to the innuendoes.

The balance of plaintiff's motion was designed primarily to eliminate from all three defenses the affirmative matter pleaded by way of justification or mitigation, except the bare story that plaintiff solicited a bidder to visit McAvoy. This affirmative matter, which is common to each of the three defenses, is a rehearsal at some length of the circumstances attending the letting of the contract for the Hudson river siphon. I think the court correctly refused to strike out these affirmative allegations. The defendant is entitled to show the circumstances leading up to and surrounding plaintiff's alleged visit to the bidder. Plaintiff has annexed to the amended complaint portions of the articles, including headlines, which inject into the case all, or practically all, of the matter which defendant pleads in its answer. Having done this, he cannot complain of defendant's pleading the truth of the whole or any part of such matter. (*McAvoy* v. *Press Publishing Co.*, 164 App. Div. 355.) Not only this, but I think the innuendoes set forth are so broad as to entitle defendant to set up in its answer all of the affirmative matter there alleged. This view applies as well to the third and partial defense by way of mitigation and reduction of damages as to the other two defenses. There can be no doubt that the affirmative matter pleaded would, if proved, at least tend to show the truth of the charges against plaintiff, if they did not fully justify the same.

The plaintiff seeks also to strike from the third defense allegations to the effect that defendant made a careful investigation of the charges, believed in their truth and published them

without malice. Obviously, these are proper allegations and the court correctly decided to allow them to remain in the answer.

The order appealed from, therefore, is modified by striking from the third and partial defense to the first cause of action so much of the denial of paragragh 4 of the amended complaint as denies the allegation of falsity and malice, and by striking out the corresponding denials in the third and partial defense as to the other three causes of action. As thus modified the order is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order modified as stated in opinion and as modified affirmed, with ten dollars costs and disbursements to respondent. Order to be settled on notice.