JAMES S. METCALFE, Appellant, v. THE BILL BOARD PUBLISHING COMPANY, Respondent.

First Department, March 9, 1917.

Pleading — practice — motion to strike out entire defense improper — motion to strike out several allegations in a defense — libel — sufficiency of allegations in justification and as a partial defense in mitigation of damages — relevancy — allegation as to writing of prior articles tending to prove truth of alleged libelous article.

The rule that it is not the practice to entertain a motion to strike out an entire defense should be limited to cases within the reason of the rule, which is that the prescribed and orderly and scientific manner of testing the sufficiency of a defense is by demurrer.

Hence, a motion to strike out all of the allegations in a defense on the ground that they are insufficient to constitute a defense should be denied.

Where, however, the motion is to strike out the several allegations contained in a defense on the ground that they are either irrelevant or redundant or scandalous, the mere fact that it happens that every allegation set forth in an alleged defense is either irrelevant or redundant or scandalous should not prevent the injured party from having them stricken out, especially where it appears that some of the allegations are relevant and some are irrelevant.

In an action by a dramatic critic to recover damages for the publication of an article attacking him in his calling, the defendant pleaded the writing and publication by the plaintiff of other articles in justification and as a partial defense in mitigation of damages. Provisions of the answer examined on a motion to strike out allegations thereof, and held, that some of them should be stricken out.

First Department, March, 1917.    [Vol. 176.

Denials of malice, falsity and damage, together with a repetition of certain admissions are not necessary to make complete the defense of confession and avoidance, and should be stricken out.

A matter which tends to prove that a part of the libelous article complained of is true is relevant, for it establishes a partial justification.

A plaintiff in an action for libel is not limited by his innuendo, but may fall back upon the natural meaning of the words complained of.

An allegation that the plaintiff wrote a certain article several years before the publication of the alleged libelous article tending to prove that the latter is true, is relevant, though remote in time.

APPEAL by the plaintiff, James S. Metcalfe, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1916, denying plaintiff's motion to strike out parts of the amended answer as irrelevant and redundant.

The allegations sought to be stricken out comprise substantially all the matter set up under the third separate defense of justification and so much of the partial defense of mitigation as repeats the allegations and denials of the third defense.

*Otto C. Wierum, Jr.*, for the appellant.

*Mayer C. Goldman*, for the respondent.

SHEARN, J.:

The motion was denied mainly upon the ground that plaintiff's remedy was by demurrer under the familiar rule that it is not the practice to entertain a motion to strike out an entire defense. This rule, whatever may be said for the philosophy of it, has been so long settled that it should not be disturbed. Its application, however, should be limited to cases within the reason of the rule. The reason of the rule is that the prescribed and orderly and scientific manner of testing the sufficiency of a defense is by demurrer. Accordingly, where a motion is made to strike out all of the allegations in a defense on the ground that they are insufficient to constitute a defense, the motion should be denied. Where, however, the motion is to strike out the several allegations contained in a defense on the ground that they are either irrelevant or redundant or scandalous, the mere fact that it happens that every allegation

set forth in an alleged defense is either irrelevant or redundant or scandalous should not prevent the injured party from having them stricken out. Especially should that be so in a case like this, where upon examination it appears that some of the allegations are relevant and some are irrelevant. The mere fact that plaintiff has moved to strike out more allegations than he is entitled to have stricken out does not debar him from having stricken out those that ought not to be retained in the pleading.

We must, therefore, examine the pleadings and test each allegation sought to be stricken out.

The plaintiff alleges in his complaint that he is by profession a dramatic critic and *a writer of articles on the subjects of* the drama, *the stage*, actors and plays; that he has " acquired a wide reputation as a truthful and honest critic of the drama and of *matters connected with the stage*, and such reputation *for truth and honesty* is of very great value to the plaintiff." The article complained of is mainly an attack upon the plaintiff in his calling as a dramatic critic. Plaintiff, however, alleges that the meaning and intent of the article was not only that the plaintiff was guilty of insincerity and dishonesty in his writings *as a dramatic critic*, but also as a writer on subjects *connected with the stage*, and that he was reckless and unreliable and untrustworthy as such critic and writer.

A demurrer to a previous answer of the defendant, attempting to allege among other things justification and a partial defense in mitigation, was sustained. The attempted justification in the original answer consisted of alleging the writing and publishing of three articles by the *plaintiff*, one on December 29, 1904, another on January 12, 1905, and another on May 27, 1915. The article sued on was published on June 12, 1915. However false and unreliable these articles were, not one of them was or purported to be a dramatic criticism, and the demurrer was properly sustained. The defense did not purport to be a partial justification, but was pleaded as a complete defense. Obviously it was not as broad as the charge, for it did not meet the charge of false criticism.

Defendant then served the amended answer in question, and in it we find the same three articles again pleaded in justification and as a partial defense in mitigation of damages. Appel-

First Department, March, 1917. [Vol. 176.

lant assumes that the previous sustaining of the demurrer necessarily condemns their presence in the amended answer. This is not so, for the question of their relevancy was not determined or necessarily involved. The only question was the sufficiency of the defenses. We must, therefore, consider each paragraph now sought to be stricken out.

Paragraph XIV. This consists of denials of malice, falsity, the innuendo and damage, coupled with one repetition of certain admissions. All of these denials and the admission should be stricken out because they are not necessary to make complete the defense, which is one of confession and avoidance.

Paragraph XV. This is an allegation that plaintiff wrote the three articles above referred to. The question is not whether they constitute a sufficient defense but it is whether they are relevant. Matter which tends to prove that a part of the libelous article complained of is true is relevant for it establishes a partial justification. While these articles have no relevancy on the question of plaintiff's dramatic criticism, it must be borne in mind that the plaintiff is not limited by his innuendo but may fall back upon the natural meaning of the words complained of. (*Morrison* v. *Smith,* 177 N. Y. 366.) It is perfectly clear that certain parts of the article are, without any innuendo, plainly susceptible of being construed as charging the plaintiff with an utter disregard of truth in his writings, that is, with being a falsifier of facts. Such indeed is one of the innuendoes. Plaintiff alleges, as we have seen, that a part of his business was writing articles about the stage as well as criticism of plays produced on the stage, and he alleges that his reputation for honesty in such articles was valuable to him, as it naturally was. If, therefore, in the course of his writings for the magazine " Life " he wrote articles pertaining to the stage and theatrical matters that were utterly false and unfounded so far as matters of fact therein set forth are concerned, this charge in the article was true. The article of December, 1904, was written about certain prominent theatrical managers readily identified, and it accused them of heinous offenses. One was said to be an ex-convict, the other a woman beater who from ambush shot a man in the back. Other disgraceful charges were contained in the article which was

headed "Not all Imagination." The answer alleges that these charges against the men referred to in this article were utterly false and were made maliciously and recklessly. This article is relevant, even though remote in time. If the charge in an article is that a man is and has been for some time past a thief, it is certainly relevant in justification to prove that he was a thief ten years before the article was published.

The article of January 12, 1905, is not fully set forth but is alleged to have contained words referring to the playing of Gentile characters by Jewish actors as "an insult to the intelligence of theatre-goers." This is alleged to have been an untrue, unfair, exaggerated and malicious statement concerning the playing of the Gentile characters by Jewish actors, and is relevant in answer to the charge of making untruthful and unfair statements in plaintiff's writings.

The article of May 27, 1905, is one concerning stage and theatrical conditions and charges that theatrical managers have been using theatrical advertising as a whip over the heads of newspaper owners and managers who have thereby "lost their spines in everything connected with the theatre" and have terrorized their dramatic critics into false criticism. This is not a dramatic criticism, but it is one of the articles concerning the stage and stage conditions which plaintiff alleges it was his business to write. The statements of fact are alleged to have been malicious inventions without any foundation. This article is, therefore, relevant to the charge of untruthfulness and dishonesty in plaintiff's writings. Accordingly, paragraph XV should not be stricken out as irrelevant.

Paragraph XVI. This is an allegation that the said article of December 29, 1904, was wholly untrue, exaggerated, unfair and malicious, and is relevant because the article is relevant. It should, therefore, be retained.

Paragraph XVII. This is an allegation that in the article of December 29, 1904, plaintiff was prompted by race prejudice. This should be stricken out, for the question whether plaintiff was inspired to write the article by race prejudice is of no importance. The important thing is whether the article was true or false.

Paragraph XVIII. This refers to certain court proceedings

with respect to the article of December, 1904. It is irrelevant and should be stricken out.

Paragraph XIX. This is an allegation of the falsity of the article of January 12, 1905, and is relevant because the article is relevant. This should not be stricken out.

Paragraph XX. This is an allegation of the publication of certain cartoons in connection with the articles "with the knowledge and approval of the plaintiff." This is plainly irrelevant and should be stricken out.

Paragraph XXI. This is an allegation of the falsity of the article of May 27, 1915, and is relevant because the article is relevant. It should not be stricken out.

Paragraph XXII. Plaintiff does not ask to have the part of this paragraph relating to the article of May 27, 1915, stricken out, but asks to have stricken out the rest, consisting of an allegation of defendant's knowledge of the publication of these articles and of their falsity and that they were published without malice. The paragraph is unnecessary, and, therefore, redundant and should be stricken out. Its only place is in the partial defense of mitigation, where it is necessary to show that defendant had knowledge of the articles in question at the time the article complained of was written.

Coming now to the partial defense:

Paragraph XXIII. This consists of a reiteration of the denials and allegations in paragraphs I, II, III, IV, V and VI. All except the repetition of paragraph VI should be stricken out, for they are not necessary. Paragraph VI, denying that plaintiff was damaged to the extent alleged, should be retained. (*Haffen* v. *Tribune Association*, 126 App. Div. 675, 679.)

Paragraph XXIV. This realleges the allegations in the first, second and third defenses and should be retained except in so far as it repeats the paragraphs ordered stricken out of the third defense and with the exception of paragraph XXII.

The order should be modified in accordance with the above, and as modified affirmed, without costs.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Order modified as stated in opinion, and as modified affirmed, without costs. Order to be settled on notice.