WILLIAM McCUE, an Infant over the Age of Fourteen Years, by ANNIE HERBINGER, His Guardian ad Litem, Plaintiff, *v.* SURVEY ASSOCIATES, INC., RUSSELL SAGE FOUNDATION and PAULINE GOLDMARK, Defendants.

(Supreme Court, New York Special Term, February, 1919.).

Pleading — action of libel — incorporation of denial in defense — damages.

> Where in an action of libel, a defense of justification that in their true and natural import, intention and significance the printed matter " The ' Toughest Kid ' on the Street '' appearing upon the same page in connection with a picture of plaintiff in a book of which one of the defendants was the authoress and the other defendants, the publishers and distributors thereof, was and is true, and though explaining that said quoted words were used in a different sense than alleged in the complaint said defense contains no denial of the innuendoes of the complaint, the defendants are limited to justification of the words in the sense only in which the complaint alleged they were used, and a demurrer to said defense for insufficiency will be sustained.

> Where in a partial defense set up in mitigation of damages there is an affirmative allegation that the publication was without malice, a denial theretofore set up in the answer need not be repeated, and a demurrer to said partial defense as insufficient will be overruled.

The defendant authoress may plead in mitigation of damages that the other defendants are charitable corporations because, although she does not allege that her own services were gratuitous, yet the circumstances under which she was writing and the purpose and spirit of her work, intend to negative any imputation of malice.

Action for libel.

Sidney V. Hirsh, for plaintiff.

De Forest Brothers (Robert Thorne, of counsel), for the defendants Survey Associates, Inc., and Russell Sage Foundation.

Gomer H. Rees, for defendant Pauline Goldmark.

Finch, J. This is an action brought against the defendant Pauline Goldmark, as authoress, and the other defendants, as publishers and distributors, of a book which it is alleged contained defamatory matter concerning the plaintiff. The defendant Goldmark answers separately, while the other two defendants unite in a joint answer. In both answers are incorporated a defense of justification and a partial defense in mitigation of damages, which are alike in both answers. To these defenses the plaintiff demurs upon the ground that they are insufficient in law upon the face thereof and that the facts therein stated do not constitute a defense or partial defense.

The book in question is entitled " Boyhood and Lawlessness." The complaint alleges that it purports to depict conditions in the section of the city concerning which it is written and which it describes as inhabited by the roughest and toughest elements

11

Supreme Court, February, 1919.    [Vol. 106.

in the city and as having a reputation for lawlessness and crime. Said book contained a picture of the plaintiff, underneath which, and referring to which, is the following: " The ' Toughest Kid ' on the Street."

" These eleven-year-old delinquents are a challenge to the community." The defendants contend that the words " Toughest Kid " were enclosed in quotation marks, indicated that such words had been used of the boy by some other person, and taken in connection with the general context and import of the whole publication, merely referred to the plaintiff as one who in common with all other boys of the same locality were in fact a challenge to the community under existing conditions. Further, that the defendants Russell Sage Foundation and Survey Associates, Inc., are charitable corporations, and that the purpose of the publication of the book in question was to remedy the conditions therein described.

A prerequisite to the defense of justification is that the matter published was true. The defendants in said defense allege that " in their true and natural import, intention and significance, the printed matter appearing upon the said page in connection with the said photograph was and is true." This allegation, however, does not meet the allegations of the complaint in this connection. The defendants explain that the words were used in a different sense than alleged in the complaint, but they fail to deny in said defense the innuendoes of the complaint. The defendants, therefore, are limited to a justification of the words in the sense only in which the complaint alleged they were used. *McDonald* v. *Press Pub. Co.,* 174 App. Div. 463. The attempted justification being not as broad as the charge, must fail. *Block* v. *Nussbaum,* 160

App. Div. 678; *McDonald* v. *Press Pub. Co.*, 174 id. 463; *Morse* v. *Press Pub. Co.*, 49 id. 375.

In *McDonald* v. *Press Pub. Co., supra,* McLaughlin, J., said: " It was proper, so far as the innuendoes are concerned, to include denials of them in the defenses of justification and mitigation, in order to make the defenses complete. (*Haffen* v. *Tribune Assn.,* 126 App. Div. 675; *Hollingsworth* v. *Spectator Co., No. 1,* 53 id. 291.) *Indeed, I think such a denial is not only proper but necessary.*" Italics not in original.

A good deal has been said concerning the propriety of denials being realleged in an affirmative defense When they are not necessary to complete such defense, it is obvious that they then are improperly included. When, however, the defense is not complete without such denials they should be included as a part thereof. The case at bar is of the latter class.

In the defense of justification as distinguished from the defense in mitigation the allegation of the charitable nature of the work has no place.

The partial defenses plead the same matter set up as a complete defense, and allege, further, that the publication was not for the purpose of trade or profit, but for philanthropic purposes only, and was published without malice.

This defense is set up in mitigation of damages. It tends to disprove actual malice, and hence is competent for the purpose of lessening any punitive or exemplary damages which might be recovered against the defendants, and which mitigating facts must, under section 536 of the Code of Civil Procedure, be pleaded in order to be availed of upon the trial. *Wandell* v. *Edwards,* 25 Hun, 498; *Gray* v. *Brooklyn Union Pub. Co.,* 35 App. Div. 286.

The point is made that this partial defense is also

incomplete and defective because of failure to deny express malice. But the affirmative allegation in said defense that the publication was without malice rendered it unnecessary to repeat therein the denial theretofore set up in the answer. *Haffen* v. *Tribune Assn., supra.*

The defendant Goldmark may set up as a defense in mitigation of damages the fact that the defendant corporations were charitable institutions, because although the defendant Goldmark does not allege that her own services were gratuitous yet these allegations show the circumstances under which she was writing and the purpose and spirit of her work and tend to negative any imputation of malice.

For the foregoing reasons it is unnecessary to consider the other objections raised by the plaintiff in his memorandum. The demurrers to the partial defense should be overruled as to all the defendants. The demurrers as to the defense of justification should be sustained as to all defendants, without costs to either side, with leave to the defendants, in so far as said demurrers have been sustained, to amend their respective answers within ten days, or in default thereof judgment dismissing said defenses.

**Judgment accordingly.**