AUGUSTUS V. HAINS, Plaintiff, *v.* NEW YORK EVENING JOURNAL, INC., Defendant.

Supreme Court, Westchester County, March 22, 1930.

*Louis Zingesser*, for the plaintiff.

*William A. De Ford* [*Arthur Moynihan* of counsel], for the defendant.

Taylor, George H., J. The defendant admits the publication of the alleged libelous article, which refers, *inter alia*, to alleged conditions in Mamaroneck officialdom, to the indictments found against certain officials and to the charges of neglect of duty on the part of certain other officials, including the plaintiff, who is the mayor of the village, as made in the taxpayer's action of Williams Corporation v. Hains and others.

(a) The answer asserts privilege — that the matter published constituted the fair and true report contemplated by section 337 of the Civil Practice Act. The plaintiff upon the motion, in effect, contends erroneously that only the conclusion that the article complained of was such a fair and true report should be alleged. It is proper, however, that the specific facts upon which such a defense is predicated shall be alleged in the answer in connection with the conclusion of a fair and true report. (Civ. Prac. Act, § 337, and read Odgers Libel & Slander [5th ed.], 636, and cases there cited; also *Jeffras* v. *McKillop & Sprague Co.*, 2 Hun, 351, 353.) The object of alleging such facts is to enable the defendant to show, if it can, that the occasion is privileged. Therefore, the allegations of paragraphs 3 to 22, inclusive, of the answer, and so much of the allegations of paragraph 23 as the plaintiff seeks to have expunged, may *not* be stricken out. As to propriety of denial of malice in paragraph 24, read *Lapetina* v. *Santangelo* (124 App. Div. 519) and *McDonald* v. *Press Publishing Co.* (174 id. 463, *infra*).

(b) Those allegations contained by reference and direct averment in the partial defense of (partial) justification in paragraph 24 are likewise properly pleaded (*Lanpher* v. *Clark*, 149 N. Y. 472; and read *Gressman* v. *Morning Journal Association*, 197 id. 474, and *Nunnally* v. *Mail & Express Co.*, 113 App. Div. 831, 835), in view of the wide scope of the article, much of which does not refer to plaintiff, but all of which, including the headlines, he has injected into the action, alleging its falsity in all respects. (See *McDonald* v. *Press Publishing Co.*, 174 App. Div. 463, 466, and case there cited.) He may not object to the correspondingly wide scope of defendant's allegations. (*McDonald* v. *Press Publishing Co.*, supra.) His application to strike out the allegations of paragraph 24 must be denied. (See, also, *McAvoy* v. *Press Publishing Co.*, 164 App. Div. 355.)

(c) In the " separate and partial defense and in mitigation, reduction and limitation of any damages to which the plaintiff might otherwise seem entitled," in my opinion defendant has

pleaded properly, by reiteration, the facts alleged in paragraphs 3 to 22 of the answer. By proving these allegations the defendant, if he can, upon the trial of the action, may reduce the amount of any punitive damages; for on the issue of malice, proof will be in order as to the source of the information contained in the article, as well as of the existence of facts within defendant's knowledge which caused it to believe in the truth of statements in the article. (*Varvaro* v. *American Agriculturist, Inc.*, 222 App. Div. 213; *Klaw* v. *New York Press Co.*, 144 id. 501, 502; Civ. Prac. Act, § 339.)

(d) Finally, the court does not favor motions of this character and invariably will deny the same unless it is apparent, as is not the case here, that the moving party is or will be prejudiced by the retention of the matter objected to, and that the granting of the motion will not harm the adverse party; and if, under any possible circumstances, evidence of the facts pleaded in the questioned allegations has any bearing on the subject-matter of the litigation, a denial of the motion is in order. (*Dinkelspiel* v. *New York Evening Journal Pub. Co.*, 91 App. Div. 96, 98, 99, and cases there cited.) The relevancy and competency of such facts may be passed upon at the trial. (See, for principle, *McAvoy Case, supra; Bradner* v. *Faulkner*, 93 N. Y. 515, and *Stern* v. *Philipsborn*, 169 App. Div. 781.)

Therefore, plaintiff's motion to strike allegations from the amended answer, as set forth in the notice of motion herein, is denied, with ten dollars costs to the defendant to abide the event of the action, but without prejudice to objections to evidence in support of the questioned allegations of the answer when and if such evidence is offered upon the trial (cases immediately *supra*); and likewise without any intimation that such evidence, when presented, will be relevant and/or competent, or not.

Ordered accordingly. Settle order on notice.