IRVING KAYE DAVIS, Plaintiff, *v.* THE NEWS SYNDICATE COMPANY, INC., and Others, Defendants.

Supreme Court, New York County, October 26, 1931.

*Mackey, Marchisio, Herrlich & Breen* [*Richard J. Mackey* and *William L. Herrlich* of counsel], for the plaintiff.

*DeWitt & Van Aken* [*Arthur Moynihan* of counsel], for the defendants.

MCGEEHAN, J. The defendants admit the publication of the article alleged to be libelous.

The answer contains the following separate defenses which the plaintiff moves to strike out as irrelevant, redundant, scandalous and evidentiary: (1) Justification; (2) privilege; (3) fair comment; (4) partial justification; and (5) mitigation of damages.

The sufficiency of the defenses is not challenged. The criticism is that they are not plain and concise, but are repetitious and evidentiary and in some respects irrelevant — in a word, the pleading is attacked for alleged non-compliance with section 241 of the Civil Practice Act.

· The article is of such a wide scope that the defendants consider it essential to plead all the facts necessary to meet the requirements of the authorities. (See cases cited in *Hains* v. *New York Evening Journal, Inc.*, 138 Misc. 504, wherein a similar motion was denied.)

In holding that the relevancy of matters pleaded in an action of this nature should be left for the determination of the trial court, the Appellate Division of this department said in *Stokes* v. *Star Company* (69 App. Div. 21): " It is often difficult to determine upon pleadings themselves whether or not allegations contained therein will be irrelevant and redundant when the facts are developed upon the trial, as the course of the evidence frequently makes that which at first blush might seem irrelevant to be pertinent to the peculiar phase which the case assumes."

That statement particularly applies to the pleadings in this action. The motion is denied.